

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GLORIA WELLS,<br><br>Plaintiff,<br><br>vs.<br><br>LORRAINE VAN AUSDOL, HOLLY BROWN, GALLATIN COUNTY SHERIFF'S DEPARTMENT, GALLATIN COUNTY TREASURER ARLETA DERLETH, GALLATIN COUNTY COMMISSIONERS, and JANE AND JOHN DOES,<br><br>Defendants. | CV 13–90–BU–DWM<br><br>ORDER |

This matter comes before the Court on the proposed Findings and Recommendations entered by United States Magistrate Judge Jeremiah C. Lynch, (Doc. 6), regarding the civil rights Complaint brought pursuant to 42 U.S.C. § 1983 by Plaintiff Gloria Wells, (Doc. 1). Because Wells is proceeding *pro se*, upon filing, this matter was referred to Judge Lynch. *See* L.R. 72.2(a). Judge Lynch conducted the prescreening required by 28 U.S.C. § 1915, finding that Wells' Complaint failed to state a claim upon which relief can be granted and ordered Wells to file an amended complaint by March 7, 2014. (Doc. 5.) Wells

did not respond to the Court's Order. Following Wells' failure to respond, Judge Lynch filed proposed Findings and Recommendations regarding the Complaint on March 10, 2014. (Doc. 6 at 2.) "Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). Because the statutory objections period states that a party may file objections within a specified time after service of the findings and recommendations, and service of the Findings and Recommendations at issue was made by mail and electronic means, three days are added after the period would otherwise expire. *See* Fed. R. Civ. P. 6(d). Accordingly, written objections to Judge Lynch's proposed Findings and Recommendations were due March 27, 2014.

Judge Lynch's proposed Findings and Recommendations are reviewed for clear error. No party timely filed written objections to the proposed Findings and Recommendations. When no party objects, the Court reviews the proposed findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch's report contains no mistake of fact or law and will be adopted in-full. The proposed Findings and Recommendations incorporate by reference the Court's rationale for finding that Wells' Complaint fails to state a claim upon which relief can be granted. (Doc. 6 at 1.) The Court found dismissal under Federal Rule of Civil Procedure 12(b)(6) warranted based on Wells' failure to assert specific claims and factual allegations against specific Defendants, inadequate statement of her procedural due process claims, and the doctrine of judicial immunity. (Doc. 5 at 4-8.) The Court granted Wells leave to file an Amended Complaint to attempt to cure these deficiencies. (*Id.* at 8-9.) Wells did not respond to the Court's Order. The Court warned Wells that her failure to timely file an Amended Complaint would result in dismissal of this action for failure to comply with any order of the Court. (*Id.* at 9-10.) Dismissal on these grounds is appropriate. The record is plain that Wells' Complaint fails to state any viable claim for relief. The Complaint is frivolous in that it lacks any arguable substance in law or fact. Therefore, any appeal of this decision would not be taken in good-faith.

IT IS ORDERED:

(1) The proposed Findings and Recommendations entered by United States Magistrate Judge Jeremiah C. Lynch, (Doc. 6), are ADOPTED

IN-FULL.

(2) The Complaint filed by Plaintiff Gloria Wells, (Doc. 1), is DISMISSED WITH PREJUDICE for failure to state a claim.

(3) The Clerk of Court shall ensure that the docket reflects this Court's certification, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

(4) The Clerk of Court shall enter judgment by a separate document, pursuant to Federal Rule of Civil Procedure 58, and close this case.

DATED this 10 day of April, 2014.

Donald W. Molloy, District Judge
United States District Court